# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7863 | **DATE** | 11/9/12 |
| **CASE TITLE** | John Batiste, Jr. v. County of Cook, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application to proceed *in forma pauperis* [3] is granted. The filing fee is waived. Plaintiff may proceed with his complaint against Cook County Jail Officers McCullough and Clark. The clerk shall issue summonses for service of the complaint by the U.S. Marshal on these two Defendants. The other Defendants listed in the complaint are dismissed. The clerk shall forward to Plaintiff a consent form to proceed before a Magistrate Judge and instructions as to how file documents in this case.

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff John Batiste previously was confined at the Cook County Jail but is now on parole. He has filed this 42 U.S.C. § 1983 suit against Cook County, Sheriff Tom Dart, and Cook County Jail Officers McCullough and Clark. Plaintiff alleges that, on July 1, 2011, while he was incarcerated at the Cook County Jail, Officer McCullough beat Plaintiff in the head with a walkie talkie, causing his head to bleed profusely. According to Plaintiff, he and McCullough had exchanged words and cursed at each other prior to the beating. Officer Clark allegedly stood by and watched the beating.

Plaintiff's *in forma pauperis* ("IFP") application reveals that he cannot pay the $350 filing fee. The Court grants his motion to proceed IFP and waives the filing fee.

Under 28 U.S.C. § 1915(e)(2)(B), this Court may dismiss a claim filed by a litigant proceeding IFP at any time if the claim is frivolous, malicious, fails to state a claim upon which this Court can grant relief, or seeks monetary damages against a party immune from such relief. Having reviewed Plaintiff's complaint, the Court concludes that Plaintiff may proceed against Officers McCullough and Clark. *See Lewis v. Downey,* 581 F.3d 467, 475 (7th Cir. 2009) (unnecessary and wanton infliction of pain violates a pretrial detainee's constitutional right and an officer's failure to intervene while witnessing the use of excessive force may also amount to a constitutional violation); *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001).

However, Plaintiff cannot proceed with this case against Cook County or Sheriff Tom Dart, who are listed as Defendants but who are not mentioned elsewhere in the complaint. As to Sheriff Dart, there is no respondeat superior liability under § 1983, such that Dart can be held liable for the constitutional torts of his subordinates. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir.1996). As to Cook County, to establish a claim of municipal liability, a plaintiff must show the existence of an "official policy" or custom that was the "moving force" behind the constitutional violation. *Teesdale v. City of Chicago*, 690 F.3d 829, 833-34 (7th Cir. 2012); *see also Monell v. Dep't of Social Serv's*, 436 U.S. 658, 694 (1978). Plaintiff alleges no involvement by Dart, nor a municipal custom or policy. His allegations instead involve one incident where an officer used excessive force against him while another officer watched without intervening. Accordingly, he may proceed with his claims against Officers McCullough and Clark, but his claims against Sheriff Dart and Cook County are dismissed.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

    The clerk shall issue summonses for service of the complaint on Cook County Jail Officers McCullough and Clark. The United States Marshals Service is appointed to serve Defendants. The Marshal shall send Plaintiff any forms necessary for the Marshal to serve Defendants. Plaintiff's failure to return the forms may result in the dismissal of Defendants. With respect to former employees no longer at the Cook County Jail, officials there shall provide the Marshal with Defendant's last-known addresses. The information shall be used only for purposes of effectuating service or to show proof of service, and documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. If unable to obtain a waiver, the Marshal shall attempt to serve Defendant with personal service.

    Plaintiff is instructed to file all future papers concerning this case with the Clerk of Court in care of Prisoner Correspondent. Although Plaintiff is not a prisoner, nor was he at the time he initiated this suit, his case involves an incident while he was incarcerated. With every filing in this Court, Plaintiff must provide the original plus a judge's copy. Also, he must send an exact copy of any court filing to Defendants, or their attorney once one enters an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

    Plaintiff's motion for the appointment of counsel is denied without prejudice. This case currently does not involve complex issues of law, complex discovery issues, or an evidentiary hearing, and Plaintiff's pleadings indicate that he can represent himself competently at this time. *Pruitt v. Mote*, 503 F.3d 647, 656-59 (7th Cir. 2007). If Plaintiff's attorney from a prior case wants to enter an appearance for Plaintiff, counsel may do so; however, the Court will not appoint counsel at this stage of these proceedings.