# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN BATISTE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12 CV 7863 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| McCULLOUGH, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' motion to dismiss [33] pursuant to Federal Rule of Civil Procedure 12(b)(5). Defendants argue that Plaintiff's complaint should be dismissed with prejudice because Plaintiff failed to serve them in accordance with Federal Rule of Civil Procedure 4(m). For the reasons that follow, Defendants' motion is denied.

**I.    Procedural and Factual Background[1]**

During the events giving rise to this lawsuit, Plaintiff John Batiste, Jr. was an inmate at Cook County Jail. On July 1, 2011, Plaintiff was walking back to his tier from the medical dispensary with a fellow inmate. Compl. at 4. Correctional Officer Tyrone McCullough stopped Plaintiff and ordered him to place his hands on the wall and spread his legs after the two exchanged profanities. See *id.* at 5. Plaintiff inadvertently removed his left hand from the wall, and Officer McCullough threated to hit Plaintiff "upside [the] head" if he removed his hand again. *Id.* Plaintiff responded to Officer McCullough with obscenities, and McCullough proceeded to beat Plaintiff on the head with his walkie-talkie radio. *Id.* Correctional Officer Mark Clark allegedly stood by and watched during the beating. *Id.*

On November 9, 2012, Plaintiff filed a pro se complaint under 42 U.S.C. § 1983 alleging

---

[1] The facts set forth below are drawn from Plaintiff's complaint.

violations of the Fifth, Eighth, and Fourteenth Amendments. Plaintiff named Cook County, Thomas Dart, "C/O McCullough," and "C/O Clark" as defendants. Cook County and Thomas Dart were dismissed, but the Court permitted Plaintiff to proceed *in forma pauperis* against McCullough and Clark. The U.S. Marshals Service was instructed to serve them, but the summonses were returned unexecuted because Plaintiff did not provide the necessary USM-285 form within 30 days. See [8].

On January 29, 2013, the Court requested that attorney George Grumley, a member of this Court's Trial Bar, represent Plaintiff. Mr. Grumley agreed to do so, consistent with his trial bar obligations. See L.R. 83.11(g); see also *Henderson v. Ghosh*, 755 F.3d 559, 563, n.1 (7th Cir. 2014). On June 21, 2013, Plaintiff filed a motion [17] asking the Court to direct the U.S. Marshals Service to serve Defendants, because counsel's attempt to have Defendants waive service was unsuccessful. The Court granted the motion [19]; subsequently the Court extended the deadline for service until August 15, 2013, pursuant to Federal Rule of Civil Procedure 4(m). See [20]. On October 16, 2013, Defendant Clark's summons was returned unexecuted because additional information was needed for the Cook Country Department of Corrections to accept service for him. See [21]. According to Defendants, Plaintiff's counsel failed to include the first name of Defendant Clark, making it impossible for Cook County to determine the individual to be served. As to Defendant McCullough, a waiver of service was returned, but as it turns out, Cook County waived service on behalf of a John T. McCullough, not Tyrone McCullough (the individual who actually was involved in the alleged events). Defendants maintain that this error occurred because Plaintiff's counsel also failed to indicate the first name of Defendant McCullough. The John T. McCullough who waived service had no involvement in the events at issue, and was subsequently dismissed on motion by Plaintiff. See [35]. Plaintiff's counsel sent

waivers of service to the proper defendants, Officers Mark Clark and Tyrone McCullough, on March 24, 2014—more than seven months after the August 15, 2013 deadline set by the Court.

On May 23, 2014, Defendants filed the motion to dismiss at issue here. The Court set a briefing schedule on the motion a few days later and specified that Plaintiff's response brief was due July 1, 2014. Plaintiff's counsel failed to comply with that deadline and filed his response brief (styled as a reply) on September 12, 2014—two and a half months late. In his brief, counsel offers no reason for his tardiness; nor did he request an extension of time for the response brief. The Court construed the notice of motion [40] that accompanied the brief as a motion for leave to file a response instanter, given that the brief was untimely. As allowed by the Court, Defendants filed a reply in opposition thereafter, in which Defendants argued that the response brief should be disregarded as untimely. Defendants also responded to the brief on the merits of the motion.

**II.      Legal Standard**

Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. Defendants seek dismissal because Plaintiff did not serve them within 120 days of filing the complaint as required by Rule 4(m). That rule provides in relevant part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As the rule states, the district court is required to extend the deadline for service if a plaintiff shows "good cause" for failing to serve a defendant. See *Coleman v. Milwaukee Bd. of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002); *Panaras v. Liquid*

*Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996). Although there is no precise test for good cause, the plaintiff must be able to point to a valid reason for the delay in service and demonstrate reasonable diligence in attempting service. *Stanley v. Martin*, 2013 WL 331267, at *1 (N.D. Ill. Jan. 29, 2013). The plaintiff has the burden of establishing good cause for failing to obtain service. See *Panaras*, 94 F.3d at 341.

Even if a plaintiff does not establish good cause, however, "a district court must still consider whether a permissive extension of time is warranted," *id.*, and "may in its discretion grant an extension of time for service," *Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). In determining whether failure to comply with the rules should be excused, the court may take various factors into consideration, including "a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service." *Troxell*, 160 F.3d at 383. Even if these factors weigh in favor of the plaintiff, the district court is not *required* to excuse untimely service. However, the Seventh Circuit expects most district judges to take the balance of hardships into account when determining whether to dismiss a complaint for lack of timely service. See *Coleman*, 290 F.3d at 934. In *Coleman*, the Court explained:

> Where * * * the defendant does not show any actual harm to its ability to defend the suit as a consequence of the delay in service, where indeed it is quite likely that the defendant received actual notice of the suit within a short time after the attempted service, and where moreover dismissal without prejudice has the effect of dismissal with prejudice because the statute of limitations has run since the filing of the suit * * * most district judges probably would exercise lenity and allow a late service, deeming the plaintiff's failure to make timely service excusable by virtue of the balance of hardships.

*Id.*

### III. Analysis

The Court first determines whether Plaintiff has met his burden of establishing good cause for the delay in serving Defendants. If so, a retroactive extension of time is mandatory

4

under Federal Rule of Civil Procedure 4(m). See *Coleman*, 290 F.3d at 934. Here, Plaintiff has not.

Plaintiff's counsel filed his brief in opposition to Defendants' motion to dismiss two and a half months late. In the brief, counsel attempts to establish good cause for the delay in serving Defendants. Under the briefing schedule set by the Court, however, this brief was due by July 1, 2014. Plaintiff's counsel did not comply with the deadline, nor did he request an extension of time. Instead, counsel merely filed his response on September 12, 2014 without providing any reason for the delay. Defendants argue that the brief should not be considered because counsel failed to request an extension of time pursuant to Federal Rule of Civil Procedure 6(b) and provided no reason for his tardiness.

Under Rule 6(b), district courts have discretion to "forgive missed deadlines by reason of 'excusable neglect.'" *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Here, as Defendants argue, Plaintiff's counsel provides no reason for his 74-day delay in filing a brief that is less than three pages, let alone a reason that would demonstrate excusable neglect. The Court thus concludes that Plaintiff's brief that attempts to show "good cause" for counsel's failure to serve Defendants in a timely manner may not be considered. Leave to file the brief instanter [40] therefore is denied.[2]

---

[2] Even if the Court excused the missed filing deadline and considered Plaintiff's brief [39], the good cause standard still is not met. Plaintiff's only argument is that the delay in service was due "to a series of errors by the U.S. Marshals Office," including the failure to "correctly identif[y] the Defendants within a reasonable amount of time[.]" Pl.'s Reply at 2. Plaintiff argues that had the "U.S. Marshals Office informed Plaintiff of the problem preventing adequate service within a reasonable amount of time, Plaintiff could have taken the additional steps necessary to properly serve the Defendants." *Id.* This argument is unpersuasive. It is the plaintiff's responsibility to provide accurate information to the Marshals Service for service of process on the plaintiff's behalf. *Henderson v. Chrans*, 1996 WL 190991, at * 1 (7th Cir. Apr. 17, 1996). As detailed above, it appears that Plaintiff's failure to include the first names of the defendant officers was the cause of the Marshal Service's inability to serve Defendants. Plaintiff's counsel provides no explanation for his inability to ascertain the first names of the officers who were involved in the events alleged in the complaint. See Pl.'s Reply. Nor did counsel attempt to further extend the August 15, 2013 service deadline when Plaintiff did not receive executed waivers of service

The Court next considers whether it should exercise its discretion and grant a retroactive extension of time for service of the complaint notwithstanding Plaintiff's failure to demonstrate good cause. In making this determination, the Court considers the balance of hardships to the parties. See *Coleman*, 290 F.3d at 934. As Defendants admit, this balance weighs in favor of Plaintiff. See [42], Defs.' Opp'n at 5.

For one, if the Court dismisses the complaint, Plaintiff will be barred from refiling it due to the two-year statute of limitations period that elapsed on July 1, 2013. See *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001) (specifying that the limitations period for § 1983 cases is two years). Second, Defendants do not identify any specific prejudice to them that would result from allowing the case to go forward, despite the late service. Although the delay certainly has prevented the case from moving forward in a prompt manner, it does not appear that it will hinder Defendants' ability to defend against the suit. Third, Plaintiff eventually served Defendants Clark and McCullough, untimely as the service was; waivers of service were obtained for both Defendants on March 24, 2014—about seven months after the August 15, 2013 deadline set by the Court. Finally, other district courts in this circuit have granted retroactive extensions of time for service and have excused failure to comply with Rule 4(m) under similar circumstances. See, e.g., *Boyce v. Polaris Industries Inc.*, 2013 WL 1137622, at *5–6 (C.D. Ill. Mar. 18, 2013) (denying motion to dismiss and granting retroactive extension of time even though good cause was not shown because statute of limitations would bar refiling of complaint, defendants were eventually served, and prejudice did not result from delay); *Stanley*, 2013 WL 331267, at *3–4 (denying motion to dismiss and granting retroactive extension of time even though good cause was not shown because defendants would not be prejudiced and plaintiff

---

before that date.

would be barred from litigating claim due to statute of limitations).

For all of these reasons, the Court will exercise its discretion and grant Plaintiff a retroactive extension of time for serving Defendants through March 24, 2014. Defendants' motion to dismiss therefore is denied. The parties are directed to submit a status report with a proposed discovery schedule within fourteen days of the date of this order. Plaintiff's motion for a discovery schedule order [31] therefore is granted.

## IV. Conclusion

For the foregoing reasons, the Court denies Defendants' motion to dismiss [33] and grants Plaintiff's motion for a discovery schedule order [31].

Dated: December 4, 2014

                                                                                        _____
                                                                                        Robert M. Dow, Jr.
                                                                                        United States District Judge